IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN K., | ) |
| | ) |
|     Plaintiff | ) Civil Action No. 7:21-CV-287 |
| | ) |
| v. | ) |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of Social Security, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
|     Defendant | ) |

## ORDER

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on August 3, 2022, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Brian K. (Brian) has filed objections to the R&R and the Commissioner has filed a reply. As discussed more fully below, the court **ADOPTS** the R&R, ECF No. 19, and **AFFIRMS** the decision of the Commissioner. Brian's motion for summary judgment, ECF No. 15, is **DENIED** and the Commissioner's motion for summary judgment, ECF No. 17, is **GRANTED**.

I. Legal Standards

A. Objections to Magistrate Judge's Report and Recommendation

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011)

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).


(per curiam). See also Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or specified proposed findings or recommendations to which objection is made.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .")

In the absence of a specific, proper, and timely filed objection, a court reviews an R&R only for "clear error" and need not give any explanation for adopting the R&R. Carr v. Comm'r of Soc. Sec., No. 3:20-cv-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) and Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983)). See also Laurie D. v. Saul, No. 1:20-cv-831 (RDB/TCB), 2022 WL 1093265, at *1 (E.D. Va. Apr. 11, 2022) (quoting Lee v. Saul, No. 2:18-cv-214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019)) ("In the event a plaintiff's 'objections' merely restate her prior arguments, the Court 'need only review the Report and Recommendation using a 'clear error' standard.'") Thus, in the absence of an objection, a court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Standard of Review of Commissioner's Decision

Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401. However, even under this deferential standard, a court does not "'reflexively rubber-stamp an ALJ's findings.'" Arakas v. Comm'r. Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)). "To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions.'" Id. (citing Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) and quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

4

## II. Discussion

Brian objects to the following findings by the magistrate judge: (1) The ALJ properly explained how his residual functional capacity (RFC) findings account for Brian's physical impairments; (2) The ALJ provided the required narrative explanation of how he considered evidence related to Brian's mental impairments and how he arrived at his mental RFC findings; and (3) The ALJ properly considered Brian's subjective allegations.

### A. Physical RFC

The ALJ found that Brian could perform light work as defined in 20 C.F.R. § 404.1567(b) except he could climb ramps and stairs occasionally; never climb ladders, ropes, or scaffolds; frequently balance; occasionally stoop, kneel, crouch, and crawl; could perform simple, routine tasks; could make simple work-related decisions; could have only occasional interaction with supervisors, co-workers, and the general public; and could do only low stress work, defined as routine work with no more than occasional changes in the work.

Brian argues that in making this RFC assessment, the ALJ did not explain how he arrived at the RFC and did not make specific findings regarding Brian's absences from work or the extent of his need to take breaks during the workday. However, the ALJ thoroughly discussed Brian's testimony, the medical evidence, and opinions of the state agency physicians. After doing so, he concluded that medical evidence provided in part an objective basis for complaints of symptoms related to a back disorder with clinical correlation on a few examinations. The ALJ further noted that Brian was capable of working before the alleged onset date despite the impairment and the record did not include imaging showing a deterioration after the onset date. Although Brian used narcotic pain medication which

5

underscored the intensity of his pain, his treatment otherwise was limited to outpatient family care, with no emergency room visits or hospitalizations for his back. That evidence, along with examinations showing unspecific motion deficits only one time, did not support greater limitations in lifting, carrying, standing, and walking than those contemplated by light work. The ALJ further found that the record did not include subjective complaints, clinical findings, or medical recommendations to support Brian's testimony that he had to lie down most of the day such that he was precluded from working on a regular and continued basis. Brian's objection that the ALJ did not make a specific finding regarding Brian's need to be absent from work or his need to take breaks is thus refuted by the record.

The magistrate judge found that the ALJ assessed Brian's RFC in a way that allowed a reviewing court to see how the evidence in the record supported his determination. The court agrees with the magistrate judge that the ALJ thoroughly reviewed the evidence in the record and explained how he arrived at his RFC determination. Accordingly, the court **OVERRULES** Brian's objection that the ALJ did not properly explain how the RFC accounted for Brian's physical limitations.

### B. Mental RFC

Brian next argues that the ALJ failed to provide the required narrative explanation of how he considered evidence of Brian's mental impairments and how he arrived at his mental RFC findings. The bulk of this objection consists of conclusory statements that the ALJ erred in making various findings without pointing to evidence in the record that contradicts the ALJ's findings.

6

The ALJ thoroughly reviewed the evidence in the record related to treatment of Brian's mental impairments, the opinion evidence from consultative examiners and the state medical experts, and Brian's testimony. One consultative examiner, Roger DeLapp, Ph.D., examined Brian and conducted psychological testing. Dr. DeLapp concluded that Brian would have problems with regular attendance at work because of depression and anxiety and would have trouble working on a consistent basis because of his trouble with attention and concentration, his weaknesses in memory, and his possible weaknesses in processing speed. He believed that as a result of his traumatic brain injury, Brian was prone to mistakes and would probably require some special supervision. Dr. DeLapp opined that Brian could not complete a normal workday or workweek without interruptions and would have some trouble navigating the competitive stress of the workplace.

The ALJ acknowledged Dr. DeLapp's findings but concluded that they overestimated the severity of Brian's limitations. The ALJ cited evidence that Brian had received limited mental health treatment through 2018, that he had intermittent improvement with medication and few escalations requiring more aggressive treatment thereafter, that his examinations most frequently showed unremarkable findings with few correlating clinical deficits, and that Brian had engaged in substantial gainful employment during the relevant period. The ALJ also acknowledged that Brian visited the emergency room for suicidal ideation on one occasion during the relevant period[2] and also spent a short time incarcerated.[3] However, the ALJ found

---

[2] A note from the emergency room visit indicates that Brian's wife reported that Brian was suicidal and he was taken to the emergency room. Brian explained that he and his wife were separating and in a text to her he stated, "you make me want to kill myself." At the hospital, Brian explained that he was not suicidal but "just angry" and that he would never harm himself. R. 1961.

[3] At the hearing in front of the ALJ, Brian explained that he was jailed for not appearing in court for a divorce hearing, although he maintained that he had never received the summons to appear. R. 61.

that when that evidence was balanced against evidence of less severe symptomology, the RFC accommodated Brian's limitations.

The magistrate judge concluded that the ALJ properly explained how he arrived at the mental RFC and the court agrees. Although the record contains conflicting evidence of the severity of Brian's mental illness, the ALJ thoroughly explained the weight he gave the evidence and how he arrived at his conclusions. Thus, the court finds that the RFC is supported by substantial evidence and **OVERRULES** Brian's objection to the magistrate judge's finding.

### C. Subjective Allegations

Brian objects to the magistrate judge's finding that the ALJ properly assessed his subjective allegations and argues that the Fourth Circuit's holding in Arakas v. Comm'r Soc. Sec. Admin., 983 F.3d 83 (4th Cir. 2020), supports his claim. When evaluating a claimant's reported symptoms, the ALJ first considers whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's symptoms. Once an underlying physical or mental impairment is established, the ALJ evaluates the intensity and persistence of symptoms to determine the extent to which the symptoms limit a claimant's ability to perform work-related activities. Social Security Ruling 16-3P Titles II and XVI: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304 (S.S.A. Oct. 25, 2017). In making the second determination, the ALJ first looks at the objective medical evidence. Id. at *5. If the ALJ cannot make a disability determination that is fully favorable based on objective medical evidence, other evidence, such as statements from the claimant, medical sources, and other sources are considered. Id. at *6.

8

However, statements about symptoms alone will not establish disability. 20 C.F.R. § 404.1529(a).

> In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including your medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you. We will then determine the extent to which your alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how your symptoms affect your ability to work.

Id.

In Arakas, the Fourth Circuit reiterated that "'while there must be objective medical evidence of some condition that could reasonably produce the pain there need not be objective evidence of the pain itself or its intensity.'" Arakas, 983 F.3d at 95 (citing Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Hines v. Barnhart, 453 F.3d 559, 564-65 (4th Cir. 2006)). The plaintiff in Arakas alleged disability in part based on her diagnosis of fibromyalgia, "a disease whose 'symptoms are entirely subjective,' with the exception of trigger point evidence." Id. at 96 (quoting Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996)).

The Arakas court held that it is error for an ALJ to discount a plaintiff's subjective complaints of pain and fatigue based largely on the lack of objective medical evidence substantiating her statements. Id. The ALJ relied principally on findings of a full range of motion and lack of joint inflammation to discount Arakas' subjective complaints as being inconsistent with the objective evidence, but in doing so he applied an incorrect legal standard. Id. The error was "particularly pronounced" in a case involving fibromyalgia, a disease whose symptoms are entirely subjective. Id. However, even in cases where an impairment is

9

confirmed by objective medical findings, an ALJ may not discount subjective evidence of pain solely on a lack of objective evidence of pain intensity. Lewis v. Berryhill, 858 F.3d 858, 866 (4th Cir. 2017).

In this case, Brian testified that he has neurological pain throughout his body, but particularly in his lower back and legs. He said that he can sit for only five minutes before needing to change positions and that he can stand for only five minutes before needing to sit. He said that when he is at home, he lies down a great deal of the time or leans back in a chair to be comfortable.

The ALJ cited Brian's testimony but found that it was not entirely consistent with the medical evidence and other evidence in the record. The ALJ cited to objective evidence of disc protrusions and a thoracic vertebral fracture with some palpable tenderness on examination as an objective basis for complaints of Brian's symptoms related to a back disorder. However, the ALJ further noted that while Brian complained to providers of pain between measuring between two and eight on a ten-point scale, he ultimately described the pain as well-controlled with the medication Norco. Brian also reported overall good functional status with the ability to work and exercise, but said he was limited in some areas of work and in playing with his children. He later reported limitations of prolonged standing and walking, and with putting on shirts because of a limited range of motion. He reported exercising on an elliptical bicycle which did not hurt his back.

The ALJ cited other evidence where Brian described fair or reasonably controlled back pain and said he had good results with decreasing the dosage of hydrocodone and over-the-counter medication. Examinations consistently showed normal findings without neurologic

10

abnormalities. He reported exercising and an examination showed full strength and a normal gait. At times Brian reported increased pain everywhere but especially in his back but said Norco helped him to be functional and that he continued to exercise. He sometimes had tenderness on examination with full muscle strength. At emergency room visits for other issues Brian denied neck or back pain or neurologic symptoms and examination showed independent ambulation with a steady gait. While working at a car dealership, Brian complained that his pain was worse because he had to walk a lot and he had palpable upper thoracic tenderness. Norco continued to help with the pain.

The magistrate judge found that the ALJ did not rely solely on a lack of objective evidence to discount Brian's allegations of disabling pain. Rather, the ALJ relied on multiple treatment records as described above, including statements from Brian that his pain was reasonably well-controlled with medication. The ALJ also considered Brian's daily activities, including reports of overall good functional status with daily activities, and the ability to work and exercise with some limitations.

Brian argues that the magistrate judge erred by finding that Arakas applies only to fibromyalgia cases. However, while the magistrate judge found that Arakas was not helpful to Brian, it was not because Brian does not allege disability based on fibromyalgia. Rather, the magistrate judge distinguished Arakas from Brian's case because in Arakas there were no objective findings to support the allegations that fibromyalgia was causing severe pain, while in Brian's case objective evidence established a previous fracture of his T6 vertebra and T4-6 disc protrusions which would be expected to cause pain. Also, and more importantly, in

11

Brian's case the ALJ discussed the entire medical record as set forth above, including clinical findings and Brian's reports of fairly good pain management.

Finally, Brian argues that the magistrate judge erred when he concluded that Brian's case is distinguishable from Brown v. Comm'r of Soc. Sec., 873 F.3d 251, 269-70 (4th Cir. 2017). However, because this argument simply repeats the argument made to the magistrate judge, it is not a proper objection. Nevertheless, the court has reviewed the ALJ determination for plain error and found no error in the magistrate judge's explanation of why the holding in Brown does not provide grounds for remanding Brian's case.

The court concludes that the ALJ properly considered Brian's allegations of disabling symptoms and his decision that the allegations were not consistent with other evidence in the record is supported by substantial evidence. Accordingly, the court **OVERRULES** Brian's objection to this finding by the magistrate judge.

### III. Conclusion

In accordance with the foregoing, the court hereby **ADOPTS** the Report and Recommendation of the magistrate judge, ECF No. 19, and **AFFIRMS** the decision of the Commissioner. Brian's motion for summary judgment, ECF No. 15, is **DENIED**. The Commissioner's motion for summary judgment, ECF No. 17, is **GRANTED**.

It is so **ORDERED**.

Entered: August 29, 2022

Michael F. Urbanski
Chief United States District Judge